Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.

---

HERNÁNDEZ MENA, PLAINTIFF AND APPELLANT, *v*. BLANCO ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 1276.—Decided July 14, 1915.

DAMAGES—INJUNCTION—LEVY—CAUSE OF ACTION.—When a sale to satisfy a judgment is suspended by an injunction and while the injunction is in force the said credit is levied on and the judgment creditor loses the credit and the value of stamps for recording the levy, not on account of the injunction but because of a claim pending against him, it cannot be held that there is a cause of action for damages by reason of the injunction.

COMPLAINT—CAUSE OF ACTION—JURISDICTION.—When a complaint does not state facts sufficient to constitute a cause of action except as to a certain amount which is not sufficient to confer original jurisdiction upon a district court, the said court commits no error in holding that it is without jurisdiction of the case.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

The respondents did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an action brought by Agustín Hernández Mena against Alejandrina Blanco Ramírez, Francisco Arán Cuascú, Blas Ramírez and Jaime Zapata to recover damages which he claims to have sustained by reason of the fact that while he was executing a judgment for a certain sum of money against the Succession of Inocencia Cuascú and the sale of property levied on to satisfy the judgment was being advertised, the sale was suspended by an injunction granted on the security of Blas Ramírez and Jaime Zapata in proceedings in intervention brought by Alejandrina Blanco Ramírez and Francisco Arán.

While the injunction was in force José Benet Colón levied on that judgment credit and the proceedings in intervention

having been dismissed and the writ of injunction vacated, the plaintiff, alleging among other things that Benet was enabled to levy on the said sum as a result of the injunction, claims that he was damaged by the injunction as follows:

"(a) Cash paid for internal revenue stamps for recording the levy made on October 22, 1912, in execution of the judgment in case No. 145 of the Municipal Court of Mayagüez in the registry of property_____    $4. 50

"(b) Cash paid the manager of the newspaper *La Voz de la Patria* for the publication of the notice of sale at public auction on November 12, 1912, of the property on which the levy was made on October 22, 1912, in case No. 145 of the Municipal Court of Mayagüez_____    2.·00

"(c) Attorney fees due José Sabater as attorney of record for Agustín Hernández Mena in case No. 3852 which originated this suit_____    300. 00

"(d) Fees paid to the stenographer of the District Court of Mayagüez for a copy of the stenographer's record of case No. 3852 on account of an appeal taken by the plaintiffs to the Supreme Court of Porto Rico_____    8. 00

"(e) Amount for which judgment was rendered in case No. 145 of the Municipal Court of Mayagüez, which was levied on by José Benet Colón, together with interest and costs_____    562. 35

"(f) Amount which the plaintiff has been unable to realize due to his having been deprived of the foregoing amount without just cause_____    123. 15

$1, 000. 00"

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action; that it did not adduce a cause of action as to the damages specified under the foregoing letters, and that the right of action had prescribed.

After hearing the parties the district court rendered judgment to the effect that it was without jurisdiction of the ac-

tion because the only three items—those under *b, c* and *d*—which state a cause of action amount to $310 and this sum is insufficient to confer jurisdiction; therefore it dismissed the case. From that judgment plaintiff Agustín Hernández Mena appealed.

Let us see whether the judgment appealed from can be sustained.

The action brought is for damages which the plaintiff alleges he sustained as the result of an injunction staying the sale of a certain property which had been announced for the satisfaction of a judgment credit with interest and the costs.

The different items of damages sustained and the amounts claimed by reason thereof are specified in the complaint and amount to $1,000. Of the said different items the judge of the lower court held that a cause of action existed as to those included under letters *b, c* and *d,* amounting to $310, but not as to the others; therefore we must ascertain whether or not there is a cause of action as to these.

Item *a* for cash paid for internal revenue stamps for recording in the registry the levy on the property under execution; item *e* for the amount of the judgment credit, with interest and costs, levied on by Benet; item *f* for the amount which the plaintiff failed to realize on the sums of which he was deprived, are all based on the fact that if the sale had not been stayed by the injunction, Benet Colón would not have had an opportunity to levy on the judgment credit. However, we understand that if the said judgment credit was levied on and the plaintiff lost the profits on the said amount and the value of the stamps for recording his levy, it is not due to the injunction staying the sale but to the fact that Benet Colón had a claim pending against the defendant, without the existence of which the plaintiff would not have lost the said amounts notwithstanding the injunction; therefore we cannot hold that the injunction caused the said damages and hence there is no cause of action for damages by reason of the injunction as to the said items.

As the complaint does not state facts sufficient to constitute a cause of action except as to $310, as held by the lower court, and as this amount is not sufficient to confer original jurisdiction upon the district court, it committed no error in holding that it was without jurisdiction of an action according to which there is a right to recover only $310.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.